**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikkel-Stanley Lamb,<br><br>          Plaintiff,<br><br>v.<br><br>Saguaro Trails Comm. Assoc, *et al*.,<br><br>          Defendants. | No. CV-25-00159-TUC-EJM<br><br><br>**REPORT AND RECOMMENDATION**[1] |

On April 7, 2025, Plaintiff Mikkel-Stanley Lamb filed a *pro se* Complaint (Doc. 1) alleging claims pursuant to Section 1983, Title 42, United States Code. *See* Compl. (Doc. 1). Plaintiff paid the $405.00 civil action filing fee upon initiating this cause of action. USDC Ariz. Receipt (Doc. 4). On July 22, 2025, this Court issued an Order to Show Cause why this case should not be dismissed due to Plaintiff's failure to serve the Complaint. Order 7/22/2025 (Doc. 9). On July 30, 2025, Plaintiff filed a response indicating he "is the Authorized Representative for the family estate in question" and that he was "a bit confused about the [show cause] request." Response (Doc. 10) at 1. Plaintiff further directs that if the Magistrate Judge would "view all of the fraudulent documents filed into the court system, . . . [he would] clearly see the family estate has been violated." *Id*. Nothing in Plaintiff's response indicated why he has not served his Complaint. Based on Plaintiff's response to the Court's show cause order, as well as its review of Plaintiff's Complaint

---

[1] A Magistrate Judge shall prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott for cases where the status of election by parties is incomplete. General Order No. 21-25. Accordingly, this Report and Recommendation is directed to the Honorable Raner C. Collins.

(Doc. 1), it will dismiss the Complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff shall have the opportunity to file an amended complaint in compliance with this Order.

## I.   AUTHORITY TO SCREEN A COMPLAINT

A district court has the inherent power to control its own docket, which includes "the disposition of the causes . . . with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This power includes the "authority to dismiss frivolous or transparently defective suits spontaneously, . . . sav[ing] everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *see also Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981) (citations omitted) ("[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim[.]"). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. This is referred to as diversity jurisdiction.

## II. FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, a complaint must state "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). And a plaintiff's failure to comply with Rule 8 is grounds for dismissal of the complaint. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also McHenry v. Renne*, 84 F3d. 1172, 1180 (9th Cir. 1996).

The Ninth Circuit Court of Appeals has recognized that Rule 8 can be violated in multiple ways. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). On one end of the spectrum, a violation occurs "when a pleading says *too little*[,] the baseline threshold of factual and legal allegations required" is not met. *Knapp*, 738 F.3d at 1109 (citations omitted). On the other end, "[t]he Rule is . . . violated . . . when a pleading says *too much*." *Id*. (citations omitted). The Ninth Circuit has observed that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges[.]" *Cafasso*, 637 F.3d at 1059 (quoting *McHenry*, 84 F.3d at 1179). If the Court is required to "waste[] half a day . . . preparing

- 3 -

the 'short and plain statement' which Rule 8 obligated plaintiffs to submit[,] [it] then must manage the litigation without knowing what claims are made against whom." *McHenry*, 84 F.3d at 1180. This would be a waste of judicial resources.

Plaintiff's Complaint (Doc. 1) begins on a form stating it is a Complaint for Violation of Civil Rights (Non-Prisoner Complaint). On the form, the Complaint (Doc. 1) names four (4) defendants—all of whom are private citizens or entities; indicates that Plaintiff is bringing suit against state or local officials pursuant to 42 U.S.C. § 1983; and claims a violation for two (2) criminal statutes and a section of the Code of Federal Regulations. Under the statement of claim and relief sections, however, it states "see attached." What follows is a list of eighteen (18) additional defendants; random legal terms and amounts; a document addressed to the Clerk of Court in Phoenix, Arizona which alludes to the Hague Convention, as well as additional random citations to *inter alia* more criminal statutes; a rambling narrative that does not delineate individual counts setting forth Plaintiff's specific claims for relief with specific facts regarding who and what actions are linked to those claims; and additional documents, some of which are from the Arizona Superior Court and some of which claim to be "legal" documents but are unintelligible. It is impossible to tell how these extraneous attachments relate to the Complaint.

The Court will not comb through the documents in an attempt to determine which allegations support each claim. *See Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of Appellants' claims."); *cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991)) ("[J]udges are not like pigs, hunting for truffles buried in briefs."). Plaintiff's Complaint is neither short nor plain. The Court finds that the Complaint (Doc. 1) fails to comply with Rule 8 of the Federal Rules of Civil Procedure and will dismiss it with leave to amend. Plaintiff's amended Complaint shall comply with the requirements of Rule 8, as well as the instructions set forth in this Order. . . .

### III. LEGAL STANDARDS FOR ANY AMENDED COMPLAINT

Because the Court is dismissing Plaintiff's Complaint with leave to amend, the legal standards, which appear to relate to the claims Plaintiff seeks to bring in this case, are provided below.

#### A. Section 1983

Plaintiff's Complaint (Doc. 1) appears to allege claims pursuant to the Civil Rights Act. Section 1983, 42 U.S.C., provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that '(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)). It is well-established that Section 1983 "is not itself a source of substantive rights, but merely provides a method of vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quotations and citations omitted).

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws [of the United States].'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). "[T]he deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1229–30 (9th Cir. 2008) (quoting

*Touche Ross & Co. v. Reddington*, 442 U.S. 560, 568 (1979)).

As an initial matter, Title 18 of the United States Code is the federal criminal code. 18 U.S.C. § 1 *et seq.* ("Crimes and Criminal Procedure"). "[C]riminal statutes . . . do not give rise to private rights of action." *Robertson v. Catholic Cmty. Servs. of Western Wash.*, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994)); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (recognizing 18 U.S.C. §§ 241 and 242 as "criminal provisions, . . . [which] provide no basis for civil liability."). Accordingly, they cannot form the basis of a Section 1983 claim or otherwise be an independent basis for liability.

Along the same lines, "[t]he Code of Federal Regulations (CFR) . . . is the codification of the general and permanent rules published in the Federal Register by the departments and agencies of the Federal Government." *About the Code of Federal Regulations*, Code of Federal Regulations, https://www.govinfo.gov/help/cfr (last visited September 17, 2025). A regulation does not create a private right of action, such a right must be based on the text of a statute enacted by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 285–86 (2001). Therefore, a regulation from the CFR cannot form the basis of a Section 1983 claim or any other claim for liability.

Finally, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action'

that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Assoc.*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)); *see also George v. Edholm*, 752 F.3d 1206, 1215 (9th Cir. 2014). A party may be a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 936; *see also Price*, 939 F.2d at 708–09. Additionally a private person may act under color of law when he is a willful participant in joint activity with the State or its agents. *Lugar*, 457 U.S. at 941 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *see also Price*, 939 F.2d at 708–09.

A lawyer in private practice cannot be sued under Section 1983, because representing a client is not under color of state law. *Summons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156 (9th Cir. 2003). Furthermore, although "[i]t is often said that lawyers are 'officers of the court[,]' . . . a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County*, 454 U.S. at 318.

The burden is on Plaintiff to "allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Thus, to state a valid constitutional claim, Plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant; ***and*** he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

### B.     *Sovereign Immunity*

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). "The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* (citing *Welch v. Texas Dept. of Highways and Public Transp.*,

483 U.S. 468, 472–73 (1987)).  An Eleventh Amendment barrier to suit may also be avoided where "Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment[.]" *Holley v. California Dept. of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)).  In other words, the State must have either consented to suit or Congress must have unequivocally expressed its intention to overturn a State's sovereign immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (quotations and citations omitted).

Furthermore, "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997)).  The Arizona superior courts are 'arms of the State' for Eleventh Amendment purposes and therefore immune from suit pursuant to Section 1983.  *See Krug v. Maricopa Cnty. Super. Ct.*, 674 F.App'x. 652, 653 (9th Cir. 2017) (citations omitted) (recognizing that Arizona superior courts are an "arm of the state" for Eleventh Amendment purposes and not liable under § 1983); *see also Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156 (9th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)) (recognizing Section 1983 claims are barred against state courts and their employees by the Eleventh Amendment).  Additionally, governmental entities, such as sheriff's departments, are not proper defendants in Arizona because they are non-jural entities under state law.  *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)).  "[T]hat is, [they] lack[] separate legal status from the County and therefore [are] incapable of suing or being sued in [their] own name." *Id*.

"The Eleventh Amendment [also] bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (quotations and citations omitted).  "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*,

373 U.S. 57, 58 (1963) (*per curiam*). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101–02 (citations omitted).

If Plaintiff cannot point to "any federal statute that abrogated the state's sovereign immunity, [or otherwise demonstrate] . . . that Arizona waived its immunity or consented to suit in federal court[,]" he is barred from naming the State of Arizona, the Arizona courts, or state officials where the State is the real-party-in-interest in his amended complaint. *Lucas v. Arizona Sup. Ct. Fiduciary Certification Program*, 457 F.App'x 689, 690 (9th Cir. 2011).

### C.  Jurisdiction to Review State Court Decisions

The *Rooker-Feldman* Doctrine precludes a district court from reviewing state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 450 U.S. 462, 483 (1983); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291–92 (2005). The Supreme Court of the United States has held that this doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. In other words, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Supreme Court has further instructed "even though a 'state-court decision is not reviewable by lower federal courts,' a 'statute or rule governing the decision may be challenged in a federal action.'" *Reed v. Goertz*, 598 U.S. 230, 235 (2023) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)).

"Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a

prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (quotations and citations omitted). Accordingly, to the extent that any of Plaintiff's claims are seeking to undo a prior state court judgment or otherwise seek to remedy injuries allegedly caused by a state court judgment, this Court lacks jurisdiction over such claims. As such, Plaintiff must omit any such claims from his amended complaint.

### D.  *Judicial Immunity*

It is well-established law that a judicial officer "exercising the authority vested in him" is immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *see also Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Such judicial immunity extends to civil rights actions alleging constitutional deprivations under Section 1983, Title 42, United States Code. *See Stump*, 435 U.S. at 356. Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57 (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967).

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). Judicial immunity "protect[s] the finality of judgments [and] discourage[s] inappropriate collateral attacks," as well as "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988) (citations omitted). Therefore, Plaintiff cannot sue any judicial officer for any actions taken in their judicial capacity. *Id.* at 227–28.

## IV.  LEAVE TO AMEND

Within 30 days, Plaintiff may submit an amended complaint. Plaintiff's amended

complaint should clearly set out each claim Plaintiff is making, the jurisdictional basis for each claim, and name all appropriate parties. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document. An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Plaintiff must also abide by the strictures discussed in Sections I., II., and III., *supra*.

V. **WARNINGS**

   *A.   Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   *B.   Rules of Court*

Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff shall also review the Notice to Self-Represented Litigant (Doc. 3) information that was provided to him.

   *C.   Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

VI. **RECOMMENDATION**

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and

Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins.

For the reasons delineated above, the Magistrate Judge RECOMMENDS that the District Judge enter an order:

(1) DISMISSING Plaintiff's Complaint (Doc. 1) for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff shall have **thirty (30) days** from the date of the District Judge's Order resolving this Report and Recommendation to file a first amended complaint in compliance with this R & R; and

(2) If Plaintiff fails to file an amended complaint within thirty (30) days from the District Judge's order, the Clerk must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Collins.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

IT IS FURTHER ORDERED that the Clerk of Court shall refer this matter to the Honorable Raner C. Collins for the limited purpose of resolving this Report and Recommendation.

Dated this 24th day of September, 2025.

Eric J. Markovich
United States Magistrate Judge

- 12 -